IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MONICA COZZONE, D.O.,** <br> Plaintiff <br><br> v. <br><br> **AXA EQUITABLE LIFE INSURANCE SOCIETY OF THE UNITED STATES**, formerly the Equitable Life Assurance Society of the United States and **DISABILITY MANAGEMENT SERVICES, INC.,** <br> Defendants | No. 3:10cv2388 <br><br> (Judge Munley) |

## **MEMORANDUM**

Before the court is the defendants' motion to dismiss the complaint in its entirety as to Defendant Disability Management Services, Inc. and to dismiss Count II of the complaint as to Defendant AXA Equitable Life Insurance Society of the United States. (Doc. 2). The motion has been fully briefed and is ripe for disposition.

## **BACKGROUND**

Plaintiff Monica Cozzone, D.O. ("Cozzone") is insured under an Overhead Expense Insurance Policy ("policy") issued by Equitable Life Assurance Society of the United States, a predecessor of Defendant AXA Equitable Life Insurance Society of the United States ("AXA"), to cover Cozzone for loss resulting from injury or sickness. (Compl. ¶¶ 5, 6 (Doc. 1-2)). Cozzone applied for benefits under the policy based on "conditions which arose on or about December 5, 2005." (Id. ¶ 8).

Cozzone alleges that AXA, "through its third party administrator, representative and agent, [Defendant] Disability Management Services ["DMS"], unlawfully delayed and denied prompt payment of benefits in violation of said policy. . . ." (Id. ¶ 9). Cozzone also alleges that AXA, through DMS, "failed to provide all payments due and owing under the

terms and obligations of the defendants under said policy. . . ." (Id. ¶ 10). According to Cozzone, AXA, through DMS, "failed to provide full payment of all benefits due and owing under said insurance policy in March, 2007 and continued to fail to provide full and timely payment of all benefits due and owing thereafter including reimbursement of insurance charges, including but not limited to malpractice insurance tail expenses, salary replacement reimbursement . . . and other expenses related to Plaintiff's place of business . . . ." (Id. ¶ 12). These allegations comprise Cozzone's claim for breach of contract, in Count I of Cozzone's complaint.

Cozzone also brings a claim under Pennsylvania's Bad Faith Statute, 42 PA. CONS. STAT. ANN. § 8371 (Count II). In support of her claim, Cozzone alleges that AXA and DMS "have arbitrarily and capriciously failed to timely and fully pay all benefits due and owing" under the policy without reasonable basis. (Compl. ¶¶ 15, 16). Finally, Cozzone alleges that AXA and DMS acted in bad faith when it "arbitrarily, intentionally and capriciously delayed and and denied all benefits due" under the policy. (Id. ¶ 17).

Cozzone filed her complaint in the Court of Common Pleas of Luzerne County, Pennsylvania, on October 20, 2010. (Compl. (Doc. 1-2)). AXA removed the action to this court on November 18, 2010. (Notice of Removal (Doc. 1)). On November 24, 2010, the defendants filed a motion to dismiss, bringing the case to its present posture. (Doc. 2).

**JURISDICTION**

Because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, the court has removal jurisdiction over the case. See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs, and is between . . . citizens of different States[.]"); 28 U.S.C. § 1441 (A defendant can generally remove a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter pursuant to the diversity jurisdiction statute).

As a federal court sitting in diversity, we must apply state law. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)). In this case, the relevant state is Pennsylvania. If the state supreme court has not yet addressed an issue before us, we must predict how that court would rule if presented with that issue. Nationwide v. Mutual Ins. Co., 230 F.3d 634, 637 (3d Cir. 2000). In so doing, we must examine the opinions of the lower state courts, and we cannot disregard them unless we are convinced by other persuasive data that the highest court would rule otherwise. Id.

**LEGAL STANDARD**

A 12(b)(6) motion tests the sufficiency of a complaint's allegations. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit requires the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6)

3

motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). However, "we are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, -- U.S. --, 129 S. Ct. 1937, 1949-50 (2009) (internal quotations omitted).

To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**DISCUSSION**

The Defendants' motion seeks (1) to dismiss DMS from the action because it was not in privity with Cozzone and (2) to dismiss Cozzone's claim for bad faith under 42 Pa. Cons. Stat. Ann. § 8371. We will address each argument in order.

**1. Dismissal of Breach of Contract and Bad Faith Claims Against DMS**

In support of their motion, the Defendants argue that DMS cannot be a proper party under either count of Cozzone's complaint. Under Pennsylvania Law, the elements of a claim for breach of contract are: "1) the existence of a contract, including its essential terms; 2) a breach of a duty imposed by the contract; and 3) resultant damage." Pittsburgh Const. Co, v. Griffith, 834 A.2d 572, 580 (Pa. Super. Ct. 2003). The parties dispute the first element of this cause of action. Specifically, DMS argues that, "one cannot be liable for a breach of contract unless one is a party to

4

that contract." Electron Energy Corp. v. Short, 597 A.2d 175, 177 (Pa. Super. Ct. 1991). DMS argues that it is not a party to the contract between AXA and Cozzone, and therefore cannot be liable for breach of contract. DMS notes that the policy in no way mentions DMS.

Additionally, DMS argues that it cannot be liable on a claim for bad faith bad faith under § 8371.

> The Pennsylvania Superior Court has held that we must consider two factors when determining whether a party is an "insurer" for purposes of the bad faith statute: "(1) the extent to which the company was identified as the insurer on the policy documents; and (2) the extent to which the company acted as the insurer." Brown v. Progressive Ins. Co., 860 A.2d 493, 498 (Pa. Super. Ct. 2004). We should accord "significantly" more weight to the second factor, which "focuses on the true actions of the parties rather than the vagaries of corporate structure and ownership." Id. at 498-99. Courts applying Pennsylvania law have explained that a party acts as an insurer when it "issues policies, collects premiums and in exchange assumes certain risks and contractual obligations." T & N PLC v. Pa. Ins. Guar. Ass'n, 800 F. Supp. 1259, 1261 (E.D. Pa. 1992); Margaret Auto Body, Inc. v. Universal Underwriters Group, 2003 WL 1848560, at *1 (Pa. Com. Pl. Jan. 10, 2003).

Brand v. AXA Equitable Life Ins. Co., No. 08CV2859, 2008 WL 4279863, *4 (E.D. Pa. Sept. 16, 2008).

Cozzone "does not disagree that as a general rule an insured may bring claims for breach of contract and bad faith only against the insurer who issued the policy." (Pl. Br. Opp. at 3 (Doc. 5-1)). Cozzone argues that the policy "contains language suggesting that AXA can delegate the decision making process and plaintiff contends that this may have happened in this case." (Id. at 4). Cozzone also argues that DMS acted as the insurer, for purposes of the bad faith statute. See Brown, 860 A.2d

5

493, 498 (Pa. 2004). Finally, Cozzone suggests that there are questions of fact about the nature of the relationship between AXA and DMS.

We will deny DMS's motion to be dismissed from the case at this stage. Without the benefit of a record, it would be premature to dismiss DMS. To the extent that DMS may have been the decision maker on Cozzone's claims and acted as the insurer, DMS may be liable for breach of contract and bad faith. Reading Cozzone's complaint in a light most favorable to her, she has alleged that premiums were paid to both defendants and that both defendants assumed obligations to her with respect to the policy. Accordingly, DMS's motion to dismiss will be denied. We will further address DMS's motion with respect to the elements of a bad faith cause of action, below.

**2. Dismissal of Bad Faith Claim Against AXA and DMS**

Section 8371 authorizes recovery for an insurance company's bad faith towards an insured. It provides for several remedies upon a finding of bad faith: (1) an award of "interest on the amount of the claim" at a rate equal to "the prime rate of interest plus 3%"; (2) an award of "punitive damages against the insurer"; and/or (3) an assessment of "court costs and attorney fees against the insurer." Id. Pennsylvania courts have adopted the following definition of "bad faith" on the part of an insurer:

> any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (*i.e.*, good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

Perkins v. State Farm Ins. Co., 589 F. Supp. 2d 559, 562 (M.D. Pa. 2008)

6

(citing Terletsky v. Prudential Property & Casualty Ins. Co., 649 A. 2d 680, 688 (Pa. Super. Ct. 1994) (quoting Black's Law Dictionary 139 (6th ed. 1990)) (citations omitted); see also Northwestern Mut. Life Ins. Co. v. Babayan, 430 F. 3d 121, 137 (3d Cir. 2005) (predicting the Pennsylvania Supreme Court would define "bad faith" according to the definition set forth in Terletsky)).

The United States Court of Appeals for the Third Circuit has adopted the legal standard established by the Pennsylvania Superior Court for testing the sufficiency of bad faith claims under section 8371, "both elements of which must be supported with clear and convincing evidence: (1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997) (citing Terletsky, 649 A.2d at 688).

Defendants argue that Cozzone has only made conclusory allegations of bad faith. (See Compl. ¶¶ 15-17). Cozzone argues that the bad faith statute is to be liberally construed to effectuate its purpose.

> The Pennsylvania rules of statutory construction state that, in general, the "provisions of a statute should be liberally construed to effect their objects and purposes and to promote justice." 1 Pa. Cons. Stat. Ann. § 1928(c) (Supp. 1992). The purpose of section 8371 is to provide persons with a remedy against the bad faith conduct of insurers. Remedial statutes like section 8371 should be broadly construed. The narrow construction of section 8371 proposed by Defendant runs counter to [the] rule of liberal statutory construction and would defeat, rather than effectuate the purpose of the statute, and would hinder, rather than promote, justice.

Krisa v. Equitable Life Assur. Soc., 109 F. Supp. 2d 316, 320 (M.D. Pa. 2000) (quoting Rottmund v. Continental Assur. Co., 813 F. Supp. 1104, 1110 (E.D.Pa. 1992)). Cozzone points out that she alleged: that the

7

Defendants stopped providing benefits that they had previously provided; that the Defendants delayed benefit payments (Compl. ¶ 9); and that the Defendants failed to pay other benefits (Compl. ¶¶ 10, 12).

We will deny the Defendants' motion on this point. Cozzone has alleged that the Defendants unreasonably delayed benefits payments. As such, it would be premature to dismiss the claim. See Ania v. Allstate Ins. Co., 161 F. Supp. 2d 424, 430 n.7 (E.D. Pa. 2001) (unreasonable delay in payment may constitute bad faith). While paragraphs of Cozzone's complaint which fall under her claim for bad faith could be read as legal conclusions, we read them in conjunction with her more specific allegations in her breach of contract claim. (See Compl. ¶ 14 (incorporating paragraphs one through thirteen into bad faith claim)). There, bolstering her claim of unreasonable delay, she alleged that defendants "failed to provide full payment of all benefits due and owing under said insurance policy in March, 2007 and continued to fail to provide full and timely payment of all benefits due and owing thereafter. . . ." (Id. ¶ 12). Accordingly, we find that Cozzone has sufficiently alleged facts indicating unreasonable delay in the payment of benefits in order to survive a motion to dismiss. The Defendants' motion will be denied with respect to Cozzone's bad faith claim.

**CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss will be denied. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MONICA COZZONE, D.O.,** <br> Plaintiff <br><br> v. <br><br> **AXA EQUITABLE LIFE INSURANCE SOCIETY OF THE UNITED STATES**, formerly the Equitable Life Assurance Society of the United States and **DISABILITY MANAGEMENT SERVICES, INC.,** <br> Defendants | No. 3:10cv2388 <br><br> (Judge Munley) |

## ORDER

**AND NOW**, to wit, this 12th day of April 2011, upon consideration of the Defendants' motion to dismiss the complaint in its entirety as to Defendant Disability Management Services, Inc. and to dismiss Count II of the complaint as to Defendant AXA Equitable Life Insurance Society of the United States (Doc. 2) it is HEREBY **ORDERED** that the motion is **DENIED**.

            **BY THE COURT:**

            s/ James M. Munley
            **JUDGE JAMES M. MUNLEY
            United States District Court**